**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

(1) CRETE CARRIER CORPORATION,

    Plaintiff and
    Counterclaim Defendant,

v.

(1) TAYLOR WALKER AND
(2) ALLEN BURNEY,

    Defendants and
    Counterclaim Plaintiffs

CASE NO: CIV-26-43-DES

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

FACTUAL BACKGROUND ............................................................................... 2

ARGUMENT ....................................................................................................... 2

    I.    The Counterclaim for Tortious Interference Fails to Allege Actual Interference, Tortious Conduct, or Cognizable Damages. ...................... 2

    II.    The Counterclaim for Breach of Contract Fails for Lack of Breach. ........... 4

    III.  Oklahoma Law Prevents a Counterclaim for Intentional Infliction of Emotional Distress When Sued for Fraud. ........................................... 7

    IV.  The Counterclaim for Abuse of Process Fails Because Suing About a Fraudulent Settlement Is a Legitimate Use of the Judicial Process. ........................................................................................ 8

    V.    The Counterclaim for Declaratory Judgment Should Be Dismissed Because the Requested Declarations Are Not Justiciable. .................... 9

    VI.  The Court Should Dismiss With Prejudice These Counterclaims. ............. 10

CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Builders & Contractors Supply Co., Inc. v. Penn Constr. Grp., Inc.,*
No. CIV-23-273-PRW, 2024 WL 4571449 (W.D. Okla. Oct. 24, 2024)................... 6

*Block v. Pre-Paid Legal Servs., Inc.,*
No. CIV-07-1304-F, 2008 WL 723775 (W.D. Okla. Mar. 14, 2008) .................... 2, 3

*Cassity v. Pitts,*
1992 OK 139 ................................................................................................. 1, 5

*Evans v. Bridgestone-Firestone, Inc.,*
1995 OK CIV APP 93 ......................................................................................... 1

*Kennedy v. Ford Motor Co.,*
80 F. App'x 100 (10th Cir. 2003) ....................................................................... 1, 5

*Key v. Exxon Mobil Corp.,*
508 F. Supp. 3d 1072 (E.D. Okla. 2020) (Jones, J.)............................................ 10

*McGinnity v. Kirk,*
2015 OK 73 ...................................................................................................... 8, 9

*McGregor v. Kormondy,*
No. 11-CV-0570-CVE-TLW, 2012 WL 3023202 (N.D. Okla. July 24,
2012)................................................................................................................. 3

*Sooner Legends, LLC v. Navigators Specialty Ins. Co.,*
No. CIV-21-552-C, 2021 WL 3476615 (W.D. Okla. Aug. 6, 2021) ........................ 1

*Taylor v. Parker,*
1980 OK 83 ...................................................................................................... 1, 5, 6

*Tuffy's, Inc. v. City of Okla. City,*
2009 OK 4 .......................................................................................................... 3

*Whitehorse v. Johnson,*
2007 OK 11 ......................................................................................................... 5

*Wilspec Techs., Inc. v. Dunan Holding Grp. Co.,*
2009 OK 12 ......................................................................................................... 2

*Winterhalder v. Burggraf Restoration, Inc.,*
2011 OK CIV APP 38 ......................................................................................... 6

**Statutes**

Okla. Stat. tit. 20, § 30.5..................................................................................... 1

## INTRODUCTION

Plaintiff Crete Carrier Corporation ("Crete") filed this lawsuit against Defendants Taylor Walker and Allen Burney because they made fraudulent representations to induce Crete to pay an excessive settlement of their personal-injury lawsuit against Crete. ECF 2 ("Compl."). Defendants attempt to play defense by offense by asserting five counterclaims against Crete based on the fact that Crete brought this fraud lawsuit against Defendants. Crete's Motion to Dismiss cited multiple grounds why the counterclaims should be dismissed as a matter of law. ECF 30 ("Mot."). Defendants' Response does not repair those flaws. *See* ECF 33 ("Resp.").

Fundamentally, Defendants argue that Crete is acting improperly by suing for fraud after settling the accident lawsuit. But Defendants' sole basis opposing Crete's right to sue for fraud is the assertion that Crete released its claims against them. But there was no release by Crete. Defendants were the "Releasors" in the Settlement Agreement; Crete was only a "Releasee." ECF 30, Ex. 1 at 1 & § 1.1.

Without an applicable release of Crete's claims against Defendants, Crete has a right to sue for fraudulent inducement of a settlement agreement. *See, e.g.*, *Evans v. Bridgestone-Firestone, Inc.*, 1995 OK CIV APP 93, ¶¶ 2–6[1]; *Taylor v. Parker*, 1980 OK 83, ¶ 5 (allowing claim for fraud because it was not released by a prior settlement). In the cases Defendants cite—*Cassity v. Pitts*, 1992 OK 139, and *Kennedy v. Ford Motor Co.*, 80 F. App'x 100 (10th Cir. 2003)—the suing party had executed a release

---

[1] *Evans* is persuasive authority applying binding Oklahoma Supreme Court law. Under Okla. Stat. tit. 20, § 30.5, a Court of Appeals opinion is not precedent but can have "persuasive value." *Sooner Legends, LLC v. Navigators Specialty Ins. Co.*, No. CIV-21-552-C, 2021 WL 3476615, at *2 n.* (W.D. Okla. Aug. 6, 2021).

1

in a prior settlement. There was no release by Crete, so Crete's lawsuit is not barred and the five counterclaims crumble. The Court should dismiss them with prejudice.

## FACTUAL BACKGROUND

Defendants' Response does not dispute the key facts supporting Crete's claims: (1) Defendants represented in the accident lawsuit that Walker could never walk or drive again, and that Walker and Burney had been married at the time of the accident; and (2) after the Settlement Agreement, Crete discovered that Walker was driving, standing, walking, and running, and Walker and Burney represented to a divorce court that they were married on a date after the accident. *See* Mot. at 2–3.

## ARGUMENT

**I. The Counterclaim for Tortious Interference Fails to Allege Actual Interference, Tortious Conduct, or Cognizable Damages.**

Defendants' counterclaim for tortious interference with contract remains irreparably flawed. Defendants continue arguing they can sue Crete based on the Settlement Agreement despite Crete being a party to that contract. Resp. at 9. But as recognized by a case Defendants cite elsewhere, "'A cause of action for wrongful interference with contract can arise only when one who is not a party to a contract interferes[.]'" *Block v. Pre-Paid Legal Servs., Inc.*, No. CIV-07-1304-F, 2008 WL 723775, at *1 (W.D. Okla. Mar. 14, 2008) (quoting *Ray v. Am. Nat'l Bank & Trust Co.*, 1994 OK 100, 894 P.2d 1056, 1060 (Okla. 1994)). Defendants overreach by citing two cases which did not concern Oklahoma law. Resp. at 9. Oklahoma law is binding, and straightforward: "[T]he claim is viable only if the interferor is not a party to the contract." *Wilspec Techs., Inc. v. Dunan Holding Grp. Co.*, 2009 OK 12, ¶ 15.

Regarding contracts to which Crete is not a party, Defendants do not sufficiently rebut that "Crete has not actually interfered – yet." Resp. at 10. "Oklahoma law requires plaintiff to show that the contract has been breached in order for defendant to be liable." *McGregor v. Kormondy*, No. 11-CV-0570-CVE-TLW, 2012 WL 3023202, at *4 (N.D. Okla. July 24, 2012) (citing *Wilspec Techs.*, 2009 OK 12, ¶ 10). There is no allegation that anyone has breached another contract with Defendants. There is no basis to infer that either. Crete's lawsuit seeks damages, not rescission or cancellation of any contract. In an attempt to show interference, Defendants copy-and-paste their allegations. Resp. at 10. But these are conclusory assertions of interference which do not specify that any breach has occurred. *See* Mot. 5–6 (explaining the details alleged). The opinion Defendants cite to argue they pled enough, *Block v. Pre-Paid Legal Services*, proves the opposite. The opinion *dismissed* a claim of tortious interference with contract. 2008 WL 723775, at *1, 3.

Nor have Defendants plausibly pled that Crete acted tortiously. Defendants argue Crete's lawsuit breaches Crete's "implied duty of good faith and fair dealing" in the Settlement Agreement. Resp. at 10–11. This contract-based theory is legally insufficient to make Crete's conduct a tort. Defendants concede this, "in itself, could not support tort liability," but argue there is bad faith. *Id.* at 11. Asserting "bad faith" is insufficient because that is just one requirement of the second element of a tortious interference claim: "malicious and wrongful interference that is neither justified, privileged, nor excusable." *Tuffy's, Inc. v. City of Okla. City*, 2009 OK 4, ¶ 14. Crete's lawsuit is not wrongful or unjustified. *See* Mot. at 6.

Defendants do little to support the third element of their tortious interference claim: damages caused by the alleged interference. Defendants do not explain the allegation of "delay-related harm," or allege that any settlement payments to them have stopped. Mot. at 6–7. Nor do Defendants dispute Crete's cited precedent that Defendants' legal costs to defend against this fraud lawsuit are not recoverable. *Id.* Defendants only try to defend the "loss of the benefit of the bargain," Resp. at 11–12, but they merely argue they are postponing the use and enjoyment of the settlement proceeds during this lawsuit. Defendants cite no precedent for that being a cognizable damage. And it is not plausible that saving money rather than spending it causes harm. Lack of damages is an independent ground to dismiss this counterclaim.

## II.     The Counterclaim for Breach of Contract Fails for Lack of Breach.

Defendants have not stated a claim for breach of the Settlement Agreement because no provision of that contract prevents Crete from suing Defendants.

Defendants continue to selectively quote words from the Settlement Agreement to argue that this fraud lawsuit is a breach. Crete's Motion fully quoted the context of the words on which Defendants rely, and the Motion explained why no provisions prevent Crete from suing. Mot. at 8–10. Defendants do not directly address any of Crete's interpretations. Most critically, Defendants do not dispute that there is only one "release" in the Settlement Agreement; that it is by "Releasors"; and that Crete was not a "Releasor" but a "Releasee." Ex. 1 at 1 & § 1.1.

The Court need not reach Defendants' main argument—that a release of claims by Crete prevents Crete from suing for fraud, Resp. at 1–3, 12–14—because Crete did not release any claims against Defendants. "[R]elease provisions are contractual, and

the language of a contract is to govern its interpretation[.]" *Taylor v. Parker*, 1980 OK 83, ¶ 5 (holding that a release of "any further obligations under the terms of the contract" "did not operate to free the appellee of any responsibility which he may have as a result of the alleged wrongful and fraudulent misrepresentations"). The cases on which Defendants rely likewise focus on the particular language of the release. *See Kennedy*, 80 F. App'x at 102 ("[W]e must consider (1) what the complaining party and her counsel knew at the time she signed the release, *and (2) the language of the release*." (emphasis added)); *Cassity*, 1992 OK 139, ¶ 11 ("The releasing language in the settlement agreement 'released forever any and all claims of whatsoever nature.' We have held that such broad language 'clearly contemplates some possible liability or possible future claim in addition to that under discussion by the parties at the time the release was executed[.]'" (ellipses and citation omitted, emphasis removed)). These two cases are also distinguishable from Crete's situation because the same plaintiff had sued before, signed a release, and then sued the same defendant again. *Kennedy*, 80 F. App'x at 101–02; *Cassity*, 1992 OK 139, ¶¶ 1, 4, 8.

Defendants retreat to arguing that, "[t]o the extent the express language of the Settlement Agreement falls short," there is an "implied" release in the Settlement Agreement. Resp. at 15. Defendants rely on caselaw stating, "A contract includes not only the promises set forth in express words, but all such implied provisions as are indispensable to effectuate the intent of the parties[.]" *Whitehorse v. Johnson*, 2007 OK 11, ¶ 9. This is a narrowly applied principle for issues "indispensable to effectuate" a contract—not a license to turn a "Releasee" into a "Releasor."

Defendants cite no precedent for an "implied" release, and Oklahoma law opposes such a stretch here. Persuasive authority from the Oklahoma Court of Appeals rejected the same argument in similar circumstances: (1) Burggraf Restoration sued Mr. and Mrs. Davis; (2) the parties settled the case with the Davises paying Burggraf but receiving in return some construction material they had claimed (carpet), and the Davises did not sign a release; (3) then the Davises sued Burggraf, which argued there was a release because of the prior settlement; and (4) the court considered *Whitehorse*'s statement about "implied provisions" but did not find an implied release because a release was "not necessarily required" by the prior settlement "other than the release of any claim related to the carpet" already claimed by the Davises in the prior case. *Winterhalder v. Burggraf Restoration, Inc.*, 2011 OK CIV APP 38, ¶¶ 5, 7–8, 17–18. Similarly, Crete did not implicitly release any claim that it did not bring in the prior case, and it did not bring any. Crete was a "Releasee" only.

Defendants' position that a release can be implied here would also contradict the Oklahoma caselaw that "release provisions are contractual, and the language of a contract is to govern its interpretation." *Taylor*, 1980 OK 83, ¶ 5; *see also Am. Builders & Contractors Supply Co., Inc. v. Penn Constr. Grp., Inc.*, No. CIV-23-273-PRW, 2024 WL 4571449, at *2–4 (W.D. Okla. Oct. 24, 2024) (closely analyzing text of release to determine its scope and not inferring a further release).

An independent reason to dismiss Defendants' breach of contract counterclaim is the lack of cognizable damages. Defendants' Response did not address Crete's arguments that the alleged breach caused no cognizable damages. Mot. at 11.

**III. Oklahoma Law Prevents a Counterclaim for Intentional Infliction of Emotional Distress When Sued for Fraud.**

Defendants' Response does not rebut (1) the elements of a claim for intentional infliction of emotional distress ("IIED"), (2) the caselaw holding that filing a lawsuit "do[es] not rise to the level of extreme and outrageous conduct," or (3) that accusations made in lawsuits are absolutely privileged from liability for IIED. Mot. at 12 (collecting caselaw). This binding law bars Defendants' IIED counterclaim.

Defendants attempt to escape this binding law by arguing that their IIED counterclaim "does not rely solely upon those statements" Crete makes in this lawsuit. Resp. at 17. Defendants argue their IIED counterclaim is based on a "scheme by Crete to obtain a dismissal with prejudice and full release from Walker and Burney, with full knowledge at that time that it could dispute the nature and extent of their damages and injuries, and then to sue them for 'fraud' in this Court[.]" *Id.* at 18. Even if that far-fetched theory were true, there is nothing for Defendants to complain about until Crete sued. Indeed, the action Defendants allege caused them damage is this lawsuit. Answer ¶ 46. Defendants do not complain about Crete entering into the Settlement Agreement, only later suing for fraud. Furthermore, Defendants cite no precedent that a lawsuit claiming fraudulent inducement of a settlement is extreme and outrageous, let alone in this circumstance where Crete did not release any claims in the settlement. If Defendants' self-conceived theory of IIED were correct, any party sued for fraudulent inducement of a settlement agreement could counterclaim for the emotional distress that caused.

**IV. The Counterclaim for Abuse of Process Fails Because Suing About a Fraudulent Settlement Is a Legitimate Use of the Judicial Process.**

Crete moves to dismiss the abuse of process counterclaim on its first two elements, which Defendants correctly quote as "'(1) the improper use of the court's process (2) *primarily* for an ulterior or improper purpose.'" Resp. at 19 (quoting *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 905 (Okla. 1994)).

Regarding the first element, Defendants do not dispute that "the mere filing of a complaint cannot constitute 'improper use.'" Mot. at 14 (collecting cases). Defendants instead pivot, like with their IIED counterclaim, to accusing Crete of a scheme of settling the accident lawsuit, "obtaining a dismissal with prejudice under false pretenses, forum-shopping the Defendants' damages claim, [and] filing a bad faith lawsuit[.]" Resp. at 19. But again, even if Crete somehow acted improperly in bringing this lawsuit—which it did not because Crete never released claims against Defendants—the only "court process" that Defendants allege caused them damage is this lawsuit. *See* Answer ¶¶ 82–83. Filing suit is not "improper use" of court process.

Crete's alleged intent in bringing this lawsuit is irrelevant to an abuse of process claim. Oklahoma law does not consider alleged "bad intentions" because, "[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, *even if the plaintiff had an ulterior motive* in bringing the action or if he knowingly brought suit upon an unfounded claim." *McGinnity v. Kirk*, 2015 OK 73, ¶ 64 (citation omitted, emphasis adjusted).

Defendants make a related error in arguing that they satisfy the second element of abuse of process by pleading Crete acted "[p]rimarily for an improper

*motive.*" Resp. at 20 (emphasis adjusted). Motive is irrelevant. *McGinnity*, 2015 OK 73, ¶ 64. Courts consider the "purpose" of the court process. *Id.* Defendants do not respond to Crete's argument that this lawsuit is not for an "ulterior or improper purpose" because Crete seeks only what its court process seeks—damages in this lawsuit for Defendants' fraud—rather than pressuring Defendants to "'pay a different debt or to take some other action.'" Mot. at 14 (quoting *McGinnity*, 2015 OK 73, ¶ 64).

Defendants irrelevantly argue that an abuse of process claim can exist even if Crete had probable cause to sue for fraud. Resp. at 19. Crete agrees it has probable cause, but does not argue that as a basis for dismissal. See Mot. at 14. Defendants' failure to plead the first two elements are the bases for dismissal. *Id.*[2]

## V. The Counterclaim for Declaratory Judgment Should Be Dismissed Because the Requested Declarations Are Not Justiciable.

Crete's Motion explained that the first three requested declarations, and the first sentence of the fourth requested declaration, are not in dispute because Crete agrees with them as written. Mot. at 15–16 (describing Answer ¶ 77a–d). Defendants do not identify a dispute with these requested declarations. And Defendants do not rebut that a controversy is necessary for the Court to have jurisdiction. Mot. at 15.

The only dispute concerns the second sentence of the fourth requested declaration: "[Crete] may not take positions or pursue relief that undermine the basic

---

[2] Defendants' Response also incorrectly suggests Crete's Motion was "trying to mislead this Court." Resp. at 20. Defendants had pleaded "Crete filed . . . this federal action . . . despite Crete's pre-settlement investigation and evaluation of those disputed issues[.]" Answer ¶ 82. Crete's Motion simply explained that this fraud lawsuit is not relying on information Crete possessed from its "pre-settlement investigation and evaluation," but rather what Crete discovered after the settlement. *See* Mot. at 14–15; Compl. ¶¶ 7–11, 19–20, 25, 28–34.

terms and the overall intent of the final settlement and peace." Answer ¶ 77d. All that Crete is alleged to have done thus far to "undermine" the settlement is file this lawsuit. Resp. at 21–22. Whether this fraud lawsuit undermines the Settlement Agreement is redundant of Defendants' breach of contract claim and affirmative defense that the Settlement Agreement prevents Crete's fraud claims. *See* Mot. at 17.

Defendants argue their declarations are not redundant because Crete could "tak[e] future positions, or pursu[e] relief in the future, that similarly 'undermines'" the Settlement Agreement. Resp. at 22. There is no ripe dispute based on these references to unidentified "future" actions. *See* Mot. at 16–17. Without a ripe dispute beyond Crete filing this lawsuit, which does not need a declaration, the Court should dismiss the counterclaim for declaratory judgment.

## VI. The Court Should Dismiss With Prejudice These Counterclaims.

Although courts recognize that leave to amend is typically given freely, those same courts dismiss with prejudice the claims that are based on mistaken interpretations of legal issues, such as the interpretation of settlement agreements. *See Key v. Exxon Mobil Corp.*, 508 F. Supp. 3d 1072, 1087–88 (E.D. Okla. 2020) (Jones, J.). The flaws in Defendants' counterclaims cannot be cured through repleading because they are based on the mistaken *legal* argument that, in the Settlement Agreement, Crete released its right to bring claims. Tellingly, Defendants do not identify any additional detail they would provide if the Court allowed repleading.

### <u>CONCLUSION</u>

For the reasons explained above, Defendants' counterclaims against Crete have irreparable flaws. This Court should dismiss the counterclaims with prejudice.

10

Dated: April 27, 2026

Respectfully submitted,

/s/ *Bennett Rawicki*
R. Trent Shores, OBA No. 19705
Rick M. Cella, OBA No. 35846
GABLEGOTWALS
110 North Elgin Avenue, Suite 200
Tulsa, OK 74120
tshores@gablelaw.com
rcella@gablelaw.com
(918) 595-4800

Bennett Rawicki (TX 24083708, PHV)
Alice Shih LaCour (TX 24083839, PHV)
HILGERS PLLC
8750 N. Central Expy, Suite 750
Dallas, TX 75231
alacour@hilgerslaw.com
brawicki@hilgerslaw.com
(469) 640-6842

*Counsel for Plaintiff Crete Carrier Corporation*

## CERTIFICATE OF SERVICE

I certify that on April 27, 2026 I effectuated service through electronically filing the foregoing document using the Court's Electronic Case Filing System. It is available for viewing and download through the Court's CM/ECF system, and all counsel of record in the case are registered CM/ECF users.

/s/ Bennett Rawicki
Bennett Rawicki